**Original filed 12/11/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONNY RAY HARDAWAY,<br><br>   Plaintiff,<br><br>   vs.<br><br>HOWARD JAY SPECTER,<br><br>   Defendant. | No. C 06-6786 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT; NO FILING FEE IS DUE<br><br>(Docket No. 4) |

Plaintiff, a state prisoner proceeding pro se and frequent litigant in this Court, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendant, his appointed appellate counsel in his state criminal direct appeal. Plaintiff also seeks leave to proceed in forma pauperis.[1] The Court concludes that Plaintiff's complaint is not cognizable

---

[1] The Court notes that Plaintiff has had three or more prior prisoner actions dismissed by the Court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. See, e.g., Hardaway v. Beaupre, et al., C 00-4603 CAL (dismissed March 7, 2001); Hardaway v. Vens, C 00-3653 CAL (dismissed November 28, 2000); Hardaway v. Madigan, C 98-1989 FMS (dismissed May 19, 1998); Hardaway v. Prenate, et al., C 97-451 FMS (dismissed February 12, 1997); Hardaway v. Department of Corrections, C 97-311 FMS (dismissed February 5, 1997); Hardaway v. Board of Prison Terms, C 91-658 CAL (dismissed March 27, 1991). Because Plaintiff has had three or more summary dismissals and does not allege in the instant action that he is under imminent danger of serious physical injury, he may not proceed in forma pauperis. However, the Court dismisses the instant complaint on the merits.

1  under § 1983 and will DISMISS the complaint without prejudice.  Plaintiff's motion to
2  proceed in forma pauperis (docket no. 4) will be DENIED as moot.

### DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).   In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't. 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that Defendant Specter negligently represented him on appeal and took a position "antagonistic and adverse" to his consent.  See Complaint at 5.  However, private attorneys are not state actors.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); see also Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir. 1996) (attorneys are private actors).  Services performed by a private attorney in connection with a lawsuit do not constitute action under color of state law, and, consequently, cannot be challenged in a § 1983 lawsuit.  See Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir. 1981); Briley v. California, 564 F.2d 849, 855-56 (9th Cir. 1977).

Although the Court generally grants leave to amend after initial review of a pro se prisoner's civil rights complaint, the Court concludes that here leave would serve no purpose as a viable civil rights claim cannot be stated against Plaintiff's appellate counsel. This, of course, does not mean that Plaintiff is precluded from seeking a remedy in state court for the failure to provide representation that meets the standard for effective representation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

The Court concludes Plaintiff's claim is not cognizable under § 1983.  The instant complaint is DISMISSED without prejudice.  Plaintiff's motion to proceed in forma pauperis (docket no. 4) is DENIED as moot.  No filing fee is due.  The Clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 12/11/06

_____
JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Sonny Ray Hardaway
   P-45579
   Kern Valley State Prison
4  P.O. Box 5102
   Delano, CA  93216

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:pro-se\sj.jf\cr.06\Hardaway786dis                4